J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Assistant General Counsel at Righthaven*
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
*Staff Attorney at Righthaven*
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>BILLY BOB WELLS, an individual,<br><br>Defendant. | Case No.: 2:10-cv-01542<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Billy Bob Wells ("Mr. Wells") on information and belief:

## NATURE OF ACTION

1. This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

## PARTIES

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

1

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. Mr. Wells is, and has been at all times relevant to this lawsuit, the owner of the Internet domain found at <texasprocessservers.blogspot.com> (the "Domain"), as identified by Mr. Wells <blogger.com> profile, wherein Mr. Wells provides a hyperlink to the Domain beneath the heading: "My Blogs," evidence of which is attached hereto as Exhibit 1.

## JURISDICTION

5. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

6. Righthaven is the owner of the copyright in the literary work entitled: "Process server's office manager sought in false affidavits case" (the "Work"), attached hereto as Exhibit 2.

7. At all times relevant to this lawsuit, the Work has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

8. Mr. Wells willfully copied, on an unauthorized basis, the Work from a source emanating from Nevada.

9. On or about August 10, 2010, Mr. Wells displayed, and continues to display, an unauthorized reproduction of the Work (the "Infringement"), attached hereto as Exhibit 3, as part of the content accessible through the Domain (said content accessible through the Domain known herein as the "Website").

10. The subject matter, at least in part, of the Work and the Infringement, is the alleged unlawful activity of a Las Vegas, Nevada-based process service company.

11. At all times relevant to this lawsuit, Mr. Wells knew that the Work was originally published in the Las Vegas *Review-Journal*.

12. At all times relevant to this lawsuit, Mr. Wells knew that the Infringement was and is of specific interest to Nevada residents.

13. Mr. Wells' display of the Infringement was and is purposefully directed at Nevada residents.

14. Mr. Wells willfully copied, on an unauthorized basis, the literary work entitled: "Deadly Home Robbery: Process server arrested" (the "Robbery Article"), attached hereto as Exhibit 4, from a source emanating in Nevada.

15. On or about February 10, 2010, Mr. Wells displayed, and continues to display, the Robbery Article on the Website.

16. Mr. Wells' display of the Robbery Article was and is purposefully directed at Nevada residents.

## VENUE

17. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

18. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1400 (a), because Mr. Wells is subject to personal jurisdiction in Nevada.

## FACTS

19. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).

20. Righthaven is the owner of the copyright in and to the Work.

21. The Work was originally published on or about August 10, 2010.

22. On September 2, 2010, the United States Copyright Office (the "USCO") received Righthaven's official submittal for the registration to the Work, including the application, the deposit copy, and the registration fee (the "Complete Application"), Service

Request No. 1-481234803, and attached hereto as Exhibit 5 is the official USCO application submittal for the Work depicting the occurrence of the Complete Application.

23. On or about August 10, 2010, Mr. Wells displayed, and continues to display, the Infringement on the Website.

24. Mr. Wells did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

25. Mr. Wells was not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## **CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT**

26. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 25 above.

27. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

28. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

29. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

30. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

31. Mr. Wells reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

32. Mr. Wells created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

33. Mr. Wells distributed, and continues to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

34.     Mr. Wells publicly displayed, and continues to publicly display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

35.     Mr. Wells has willfully engaged in the copyright infringement of the Work.

36.     Mr. Wells' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

37.     Unless Mr. Wells is preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by Mr. Wells of the Work, pursuant to 17 U.S.C. § 502.

## **PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1.     Preliminarily and permanently enjoin and restrain Mr. Wells, and Mr. Wells' agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under Mr. Wells, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2.     Direct Mr. Wells to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

    a.     All evidence and documentation relating in any way to Mr. Wells' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

      b.     All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom Mr. Wells has communicated regarding Mr. Wells' use of the Work; and

      c.     All financial evidence and documentation relating to Mr. Wells' use of the Work;

3.     Direct the current registrar, MarkMonitor Inc., and any successor domain name registrar for the Domain, to lock the Domain and transfer control of the Domain to Righthaven;

4.     Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. § 504(c);

5.     Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

6.     Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7.     Grant Righthaven such other relief as this Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Righthaven requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated this ninth day of September, 2010.

    RIGHTHAVEN LLC

    By: /s/ J. Charles Coons
    J. CHARLES COONS, ESQ.
    Nevada Bar No. 10553
    JOSEPH C. CHU, ESQ.
    Nevada Bar No. 11082
    9960 West Cheyenne Avenue, Suite 210
    Las Vegas, Nevada 89129-7701
    *Attorneys for Plaintiff*